**ORIGINAL**

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 DEC 12 AM 9:29

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor<br><br>Plaintiff,<br><br>v.<br><br>DALLAS-FORT WORTH DOMICILE, ALLIED PILOTS ASSOCIATION, 14600 Trinity Boulevard, Suite 500 Fort Worth, Texas 76155<br><br>and<br><br>ALLIED PILOTS ASSOCIATION, NATIONAL HEADQUARTERS, 14600 Trinity Boulevard, Suite 500 Fort Worth, Texas 76155<br><br>Defendants. | Civil Action No. _____<br><br>4-14-CV-997-O |

## ORIGINAL COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481–484 (the "Act"), for a judgment declaring that the April 1, 2014, election of union officers conducted by the Allied Pilots Association (APA) and its Dallas-Fort Worth Domicile (DFW Domicile), for the offices of DFW Domicile Chairman and DFW Domicile Vice Chairman is void, and directing

Defendants to conduct a new election for the offices of DFW Domicile Chairman and DFW Domicile Vice Chairman under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Thomas E. Perez, is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendants are, and at all times relevant to this action have been, unincorporated associations residing within the County of Tarrant, Texas, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant DFW Domicile represents itself to be, and at all times relevant to this action has represented itself to be, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j), and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7. Defendant APA is, and at all times relevant to this action has been, a labor organization engaged in an industry affecting commerce within the meaning of sections

3(i), 3(j), and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)). If Defendant DFW Domicile is not a separate labor organization from APA, its parent body, APA is the local union that carried out the April 1, 2014, union officer election.

8. Defendants, purporting to act pursuant to their Constitutions and Bylaws, conducted an election of officers on April 1, 2014, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481–484).

9. By letter dated April 15, 2014, the complainant, Thomas Westbrook, a member in good standing of Defendants, protested Defendants' election to the Defendant APA's Appeal Board.

10. By email dated June 13, 2014, Defendant APA's Appeal Board denied the protest.

11. Having exhausted the internal remedies available and received a final decision, Westbrook filed a timely complaint with the Secretary of Labor on July 14, 2014, on the first business day after Sunday, July 13, 2014, which was within the one calendar month required under section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

12. By letter signed July 18, 2014, Defendants agreed that the time within which Plaintiff may bring suit with respect to Defendants' aforesaid election be extended to October 31, 2014.

13. By letter signed September 15, 2014, Defendants agreed that the time within which Plaintiff may bring suit with respect to Defendants' aforesaid election be extended to December 5, 2014.

14. By letter signed November 4, 2014, Defendants agreed that the time within

which Plaintiff may bring suit with respect to Defendants' aforesaid election be extended to December 12, 2014.

15. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of Defendants' April 1, 2014 election; and (2) that such violations had not been remedied at the time of the institution of this action.

16. Defendants engaged the services of a contractor, BallotPoint Election Services, owned by CCComplete, headquartered in Portland, Oregon, to conduct the April 1, 2014, election of officers using an internet-based electronic voting system in which voters cast their votes using the internet and telephone.

17. This internet-based electronic voting system permitted the names of voters to be linked with their voting choices. The system stores member identifying information on its servers in a way that could allow individuals with access to both of the servers to identify how a member voted.

18. Such a link is evident because the system permits the union election administrators to remove the votes of voters determined to be ineligible after they have cast their votes and permits members to view the content of their vote after they have cast their votes and even after the election has closed.

19. During the course of the investigation, Plaintiff obtained records from BallotPoint and its subcontractor, Allied Media, located in Fenton, Michigan. Using

these records, which reflected information stored on the system's servers, Plaintiff was able to match the names of 1,310 voters out of 1,382 votes cast to their choice of candidates.

20. The internet voting system also did not permit an observer to effectively observe the election. Observers were able to view reports generated by the software, but observers were not able to verify that the votes were recorded and tallied correctly.

## FIRST CAUSE OF ACTION

21. Defendants violated section 401(b) of the Act, 29 U.S.C. § 481(b), during the conduct of the aforesaid election, when Defendants failed to elect the DFW Domicile Chairman and Vice Chairman by secret ballot among the members in good standing when they used an internet-based electronic voting method that permitted voters to be identified with their votes.

## SECOND CAUSE OF ACTION

22. Defendants violated section 401(c) of the Act, 29 U.S.C. § 481(c), during the conduct of the aforesaid election, when they failed to provide adequate safeguard to insure a fair election, specifically, by denying a candidate's right to have an observer at the polls and at the counting of the ballots in that the internet-based electronic voting system did not permit an observer to verify that a vote was recorded and tallied accurately.

23. The violations of section 401(b) and 401(c) of the Act (29 U.S.C. § 481(b) and (c)) may have affected the outcome of Defendants' election for the offices of DFW Domicile Chairman and DFW Domicile Vice Chairman.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring Defendants' election for the offices of DFW Domicile Chairman and DFW Domicile Vice Chairman to be void;

(b) directing Defendants to conduct a new election for the offices of DFW Domicile Chairman and DFW Domicile Vice Chairman under the supervision of Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8626
Facsimile: 214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Plaintiff

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

2014 DEC 12 AM 9:31

## I. (a) PLAINTIFFS
Thomas E. Perez, Secretary of Labor,
United States Department of Labor

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian W. Stoltz, Assistant United States Attorney
1100 Commerce Street, Third Floor, Dallas, Texas 75242
(214) 659-8626

## DEFENDANTS
Dallas-Fort Worth Domicile, Allied Pilots Association
Allied Pilots Association, National Headquarters
County of Residence of First Listed Defendant  Tarrant County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

4-14 CV-997-O

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 U.S.C. §§ 481–484, Labor-Management Reporting and Disclosure Act of 1959
Brief description of cause:
challenge to balloting procedures used in April 2014 APA DFW Domicile union election

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 12/12/2014
SIGNATURE OF ATTORNEY OF RECORD  /s/ Brian Stoltz

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____