UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 4:14-CV-00997-O |
| v. ) ) | Judge Reed C. O'Connor |
| DALLAS-FORT WORTH DOMICILE, ) ALLIED PILOTS ASSOCIATION, ) *et al.*, ) ) | Jury Trial Requested on All Issues So Triable |
| Defendants. ) | |

## ANSWER

As and for its Answer to the Complaint in this case, Defendants Allied Pilots Association ("APA") and the Dallas-Fort Worth Domicile ("DFW Domicile") allege and state as follows:

## NATURE OF THE ACTION

1. The allegations of Paragraph 1 of the Complaint constitute assertions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations and specifically deny that this action is properly brought under the particular statute referenced or under any other source of law.

1

## JURISDICTION AND VENUE

2. The allegations of Paragraph 2 of the Complaint constitute assertions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations and specifically deny that this Court has jurisdiction under 29 U.S.C. § 482.

3. The allegations of Paragraph 3 of the Complaint constitute assertions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

## PARTIES

4. Defendants admit the allegation of Paragraph 4 of the Complaint that Plaintiff Thomas E. Perez is the duly appointed Secretary of Labor. Defendants deny the allegation that Plaintiff is authorized to bring this action under the statute referenced or on any other legal basis.

5. Defendants admit the allegations of Paragraph 5 of the Complaint that the APA and its DFW Domicile are unincorporated associations residing within the County of Tarrant, Texas.

## FACTUAL ALLEGATIONS

6. Defendants admit the allegation of Paragraph 6 of the Complaint that the DFW Domicile is a local labor organization. The remaining allegations of Paragraph 6 constitute assertions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

7. Defendants admit the allegations of Paragraph 7 of the Complaint that the APA is a labor organization engaged in an industry affecting commerce, that it is the parent of its DFW Domicile, and that it carried out an election of officers on April 1, 2014, among other dates. The remaining allegations of Paragraph 7 constitute assertions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

8. Defendants deny the allegation of Paragraph 8 of the Complaint that the APA "purport[ed]" to act pursuant to its Constitution and Bylaws in conducting an election of officers. Defendants admit that the APA conducted an election of officers pursuant to its Constitution and Bylaws on April 1, 2014, among other dates. The remaining allegations of Paragraph 8 constitute assertions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

9. Defendants admit the allegations of Paragraph 9 of the Complaint. Defendants further state that the protester, Captain Thomas Westbrook, won his election as Domicile Chairman by a comfortable margin, and filed his protest prior to the conclusion of the runoff election for Domicile Vice Chairman.

10. Defendants admit the allegations of Paragraph 10 of the Complaint.

11. Defendants lack information sufficient to form a belief as to the truth of the allegation in Paragraph 11 of the Complaint as to when Westbrook filed a complaint with Plaintiff and therefore deny that allegation. Defendants, however, admit on information and belief that Westbrook at some point did file

such a complaint. The remaining allegations of Paragraph 11 constitute assertions of law, to which no response is required. To the extent a response is required, Defendants deny those allegations.

12. Defendants admit the allegations of Paragraph 12 of the Complaint.

13. Defendants admit the allegations of Paragraph 13 of the Complaint.

14. Defendants admit the allegations of Paragraph 14 of the Complaint.

15. Defendants admit the allegations of Paragraph 15 of the Complaint that Plaintiff investigated the allegations of the Westbrook complaint and purported to find probable cause that violations had occurred and that such violations had not been remedied. Defendants deny that such probable cause or violations exist and deny the remaining allegations of Paragraph 15.

16. Defendants admit the allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations of Paragraph 17 of the Complaint in their entirety. Specifically, Defendants deny that any individual had access to both of the servers, and deny that the BallotPoint system stored member-identifying information on its servers in a way that permitted any individual to link the names of voters with their voting choices.

18. Defendants admit the allegations of Paragraph 18 of the Complaint that the voting system permits election administrators to remove the votes of voters determined to be ineligible and permits each voter to view the content of his or her vote even after the election has closed. Defendants deny that such system

architecture permits any individual other than the voter to link names of voters with their voting choices.

19. Defendants lack information sufficient to form a belief as to the truth of the allegation in Paragraph 19 of the Complaint as to the Plaintiff's ability to match the names of 1,310 voters to their choice of candidates and therefore deny that allegation. Defendants also lack information sufficient to form a belief as to the truth of the allegation as to the name of BallotPoint's subcontractor and therefore deny that allegation. Defendants admit that Plaintiff, using its subpoena power, obtained records from BallotPoint and its subcontractor, and that the records reflected information stored on the system's separate servers. Defendants further state that only Plaintiff, with the use or threat of its subpoena power, could gain access to the system's separate servers.

20. Defendants deny the allegation in Paragraph 20 of the Complaint that observers were not able to verify that the votes were recorded and tallied correctly, and that the internet voting system did not permit an observer to effectively observe the election. Defendants admit that observers were able to view reports generated by the software.

## FIRST CAUSE OF ACTION

21. Defendants reallege and incorporate by reference the allegations set forth in Paragraphs 1-20 of this Answer, as if fully stated herein. Defendants deny the allegations of Paragraph 21 of the Complaint in their entirety and specifically

architecture permits any individual other than the voter to link names of voters with their voting choices.

19. Defendants lack information sufficient to form a belief as to the truth of the allegation in Paragraph 19 of the Complaint as to the Plaintiff's ability to match the names of 1,310 voters to their choice of candidates and therefore deny that allegation. Defendants also lack information sufficient to form a belief as to the truth of the allegation as to the name of BallotPoint's subcontractor and therefore deny that allegation. Defendants admit that Plaintiff, using its subpoena power, obtained records from BallotPoint and its subcontractor, and that the records reflected information stored on the system's separate servers. Defendants further state that only Plaintiff, with the use or threat of its subpoena power, could gain access to the system's separate servers.

20. Defendants deny the allegation in Paragraph 20 of the Complaint that observers were not able to verify that the votes were recorded and tallied correctly, and that the internet voting system did not permit an observer to effectively observe the election. Defendants admit that observers were able to view reports generated by the software.

## FIRST CAUSE OF ACTION

21. Defendants reallege and incorporate by reference the allegations set forth in Paragraphs 1-20 of this Answer, as if fully stated herein. Defendants deny the allegations of Paragraph 21 of the Complaint in their entirety and specifically

deny that they violated the statute cited or any other source of law either in the way alleged or in any other way.

## SECOND CAUSE OF ACTION

22. Defendants reallege and incorporate by reference the allegations set forth in Paragraphs 1-21 of this Answer, as if fully stated herein. Defendants deny the allegations of Paragraph 22 of the Complaint in their entirety and specifically deny that they violated the statute cited or any other source of law either in the way alleged or in any other way.

23. Defendants deny the allegations of Paragraph 23 of the Complaint in their entirety.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested or to any other relief.

## AFFIRMATIVE DEFENSES

1. The Complaint must be dismissed because this Court lacks jurisdiction under Title IV of the Labor-Management Reporting and Disclosure Act over this case.

2. The Complaint fails to state a claim upon which relief may be granted.

3. The Complaint must be dismissed because even assuming a violation of the governing statute occurred, that violation did not affect the outcome of the election for the offices of DFW Domicile Chairman and DFW Domicile Vice Chairman.

4. The Complaint must be dismissed because Plaintiff's decision to file suit was arbitrary, capricious, and an abuse of discretion.

5. The Complaint must be dismissed because Plaintiff's theory of the case conflicts with the agency's own guidelines for conducting union elections.

6. The Complaint must be dismissed because, although Plaintiff has the responsibility and had the opportunity to do so, Plaintiff has declined to issue rules or guidelines concerning electronic voting under the governing law; as a result, there are no applicable standards on which to base the instant suit.

7. The Complaint is barred under the doctrine of selective enforcement.

8. The Complaint must be dismissed because the protester failed to exhaust his internal union remedies with respect to the DFW Domicile Vice Chairman election.

9. Defendants reserve the right to assert any additional and further defenses as may be revealed by discovery or otherwise.

WHEREFORE, Defendants ask this Court to:

    (a) dismiss the Complaint in its entirety and with prejudice;

    (b) award Defendants costs incurred, including attorneys' fees, in defending this action; and

    (c) grant Defendants such other relief as the Court may deem just and proper.

        Respectfully submitted,

        <u>   s/Sanford R. Denison            </u>
        SANFORD R. DENISON
        Texas Bar No. 05655560
        Baab & Denison, LLP
        6301 Gaston Avenue, Suite 550
        Dallas, Texas 75214
        Telephone: (214) 637-0750
        Facsimile: (214) 637-0730
        Email: denison@baabdenison.com

        Counsel for Defendants Allied Pilots Association and
        the Dallas-Fort Worth Domicile

Dated:       March 16, 2015

## CERTIFICATE OF SERVICE

On March 16, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

                                                    s/Sanford R. Denison
                                              SANFORD R. DENISON