IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>DALLAS-FORT WORTH DOMICILE, ALLIED PILOTS ASSOCIATION and ALLIED PILOTS ASSOCIATION, NATIONAL HEADQUARTERS,<br><br>    Defendants. | Civil Action No. 4:14-CV-997-O |

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Per the Court's order of March 17, 2015, the parties submit the following joint report:

(1) <u>A brief statement of the claims and defenses</u>.

    (a)    <u>Plaintiff</u>:  The plaintiff, the Secretary of Labor, seeks in this action to invalidate an election of union officers conducted by the defendants, the Allied Pilots Association and its Dallas-Fort Worth Domicile (which is the union for American Airlines pilots). The Secretary alleges that the election, which was conducted using an internet- and telephone-based electronic voting system, did not comply with the requirements of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §§ 481–484, which requires union officer elections to be conducted by secret ballot and provides candidates with the right to have election observers.

**Joint Report Regarding Contents of Scheduling Order – Page 1**

  (b) <u>Defendants</u>:  Defendants Allied Pilots Association ("APA") and the Dallas-Fort Worth Domicile ("DFW Domicile") contend that the 2014 DFW Domicile Officer Election, which was conducted by the CCComplete, Inc. utilizing its BallotPoint electronic voting system, met all of the requirements of the LMRDA in that it maintained the secrecy of every vote cast, preserved—and even broadened—the rights of observers, fostered member participation, and assured the accuracy and precision of the vote count. Defendants contend that the Complaint must be dismissed because this Court lacks jurisdiction under Title IV of LMRDA.  In particular, Defendants maintain that no violations of Title IV of the Act occurred that affected the outcome of the election.  The Complaint also must be dismissed because the election protester failed to exhaust his internal union remedies with respect to the DFW Domicile Vice Chairman election.

 (2) <u>Proposed time limit to file motions for leave to join other parties</u>.  June 15, 2015

 (3) <u>Proposed time limit to amend pleadings</u>.  June 15, 2015

 (4) <u>Proposed time limit to file motions, including dispositive motions</u>.  January 15, 2016

 (5) <u>Proposed time limit for initial designation of experts</u>.  September 16, 2015

 (6) <u>Proposed time limit for responsive designation of experts</u>.  October 16, 2015

 (7) <u>Proposed time limit for objections to experts (i.e., Daubert and similar motions)</u>.  April 4, 2016

 (8) <u>Proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert

discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues. The proposed deadline for completion of discovery is November 16, 2015, and there is no need for conducting discovery in phases or limited to particular issues.

(9) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed. None contemplated at this time.

(10) Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI. The parties intend to conduct ESI-related discovery consistent with the Federal Rules of Civil Procedure.

(11) Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order. None at this time.

(12) Proposed trial date, estimated length of trial, and whether jury has been demanded. The parties request a trial date of May 16, 2016, and estimate that five days would be needed for trial. The parties agree that the case should be tried before the Court, not a jury.

(13) A proposed date for further settlement negotiations. Settlement discussions are ongoing.

(14) Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were

made or will be made.  No objections; the parties have agreed to make Rule 26(a)(1) disclosures by April 14, 2015.

(15) Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Jeffrey L. Cureton.  The parties have not agreed to consent to trial before the Magistrate Judge.

(16) Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.  The parties are pursuing settlement discussions between themselves but do not believe arbitration or mediation would be an effective option at this time considering the present posture of the case and settlement discussions (in part due to the specialized nature of the case and related issues concerning the intersection of labor law and internet-based election procedures).

(17) Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.  None at this time.

(18) Whether a conference with the Court is desired.  Not at this time.

(19) Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).  None at this time.  As the parties proceed into discovery, they may request the entry of a protective order if necessary.

Status report regarding settlement negotiations.  Settlement discussions are ongoing.  The parties previously met in person in Washington, D.C., to discuss the

possibility of a settlement and are continuing their discussions.

Respectfully submitted,

JOHN R. PARKER
Acting United States Attorney

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Plaintiff

/s/ Sanford R. Denison
SANFORD R. DENISON
Texas Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Avenue, Suite 550
Dallas, Texas 75214
Telephone: (214) 637-0750
Facsimile: (214) 637-0730
Email: denison@baabdenison.com

Attorneys for Defendants

## Certificate of Service

On April 14, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney

**Joint Report Regarding Contents of Scheduling Order – Page 5**