IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor<br><br>    Plaintiff,<br><br>v.<br><br>DALLAS-FORT WORTH DOMICILE, ALLIED PILOTS ASSOCIATION,<br><br>and<br><br>ALLIED PILOTS ASSOCIATION, NATIONAL HEADQUARTERS,<br><br>    Defendants. | Civil Action No. 4:14-CV-997-O |

## AGREED MOTION FOR ENTRY OF CONSENT DECREE

This case, brought by the Secretary of Labor, concerns a 2014 election of union domicile officers conducted by the Allied Pilots Association (which is the union representing the American Airlines pilots) and its Dallas-Fort Worth Domicile—specifically, whether the 2014 Dallas-Fort Worth Domicile officer election complied with certain requirements of the Labor-Management Reporting and Disclosure Act of 1959 (the "LMRDA"), 29 U.S.C. §§ 481 *et seq.*  Under the LMRDA, the statutory remedy if the Court were to find a violation affecting the outcome of the election would be for the Court to direct the conduct of a new election under the supervision of the Secretary, with the Court thereafter entering a decree declaring that the persons certified by the Secretary

have been elected the officers of the union. *See* 29 U.S.C. § 482(c). The Allied Pilots Association has denied the Secretary's allegations of impropriety in the election at issue. In this case, however, to avoid further litigation the parties have agreed to a settlement under which the results of the 2014 Domicile election will remain in effect and the union will conduct a new Domicile election to be supervised by the Secretary and held in early 2016. Consistent with the statutory scheme and the practice in other LMRDA election cases, the results of the supervised election would then be certified to this Court for entry of final judgment. *See Chao v. Allied Pilots Ass'n*, No. 4:05-CV-338-Y (N.D. Tex. June 13, 2007) (Means, J.) (Doc. 73, Consent Decree and Order retaining jurisdiction in LMRDA action in which the parties agreed to conduct a supervised election); *Chao v. Local 6143*, No. SA-04-CA-0055-XR (W.D. Tex. Jun. 13, 2005) (Rodriguez, J.) (Doc. 24, same). Accordingly, the parties respectfully request that the Court enter a consent decree specifying that:

(1) this action be administratively closed, but that the Court retain jurisdiction for the purpose of ensuring that the supervised 2016 election is conducted in accordance with the terms and conditions of the parties' Stipulation of Settlement and with the LMRDA and, insofar as lawful and practicable, the Allied Pilots Association ("APA") Constitution and Bylaws and to resolve any disputes concerning the parties' Stipulation of Settlement[1];

(2) no further action will be taken regarding the disputed 2014 election;

(3) any challenges or disputes concerning the conduct of the supervised 2016 election will be determined in the first

---

[1] The Stipulation of Settlement is attached hereto as Exhibit A.

**Agreed Motion for Entry of Consent Decree – Page 2**

        instance by the Department of Labor ("DOL"), subject to review by the Court at the request of the APA;

(4) all decisions as to the interpretation or application of Title IV of the LMRDA, and the APA Constitution and Bylaws relating to the supervised election will be determined by the DOL in the first instance, subject to review by the Court at the request of the APA;

(5) after completion of the supervised election and resolution of any disputes or challenges, the DOL will certify to the Court the names of the persons so elected, and that the election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the APA Constitution and Bylaws; and

(6) upon the Court's approval of the DOL's certification, the Court will enter a final judgment declaring that such persons have been elected as shown by the certificate to serve a full two-year term of office, and dismissing this action with prejudice, with each party to bear its own costs, fees (including attorney's fees), and expenses.

        A proposed Consent Decree and Order is being sent to the Court's "orders" email address.

Respectfully submitted,

JOHN R. PARKER
United States Attorney

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8626
Facsimile:    214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Plaintiff

/s/ Sanford R. Denison
SANFORD R. DENISON
Texas Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Avenue, Suite 550
Dallas, Texas 75214
Telephone: (214) 637-0750
Facsimile: (214) 637-0730
Email: denison@baabdenison.com

Attorneys for Defendants

## Certificate of Conference

This is to certify that the parties have conferred about the relief requested herein, and are in agreement and thus present this motion as an agreed motion.

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney

**Agreed Motion for Entry of Consent Decree – Page 4**

Certificate of Service

On November 3, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

---

THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor

    Plaintiff,

v.

DALLAS-FORT WORTH DOMICILE,
ALLIED PILOTS ASSOCIATION, and
ALLIED PILOTS ASSOCIATION,
NATIONAL HEADQUARTERS,

    Defendants.

Civil Action No. 4:14-CV-997-O

## STIPULATION OF SETTLEMENT

The plaintiff, the Secretary of Labor (hereinafter referred to as the DOL), and the defendants, the Allied Pilots Association and its Dallas-Fort Worth Domicile (hereinafter referred to as the APA), hereby stipulate and agree to a settlement of the above-captioned litigation on the terms set forth herein:

1.    In this action brought under Title IV of the Labor Management Reporting and Disclosure Act of 1959 (the LMRDA), the Secretary of Labor has requested a judgment voiding the April 2014 election of union officers conducted by the APA for the Dallas-Fort Worth Domicile union offices of Chairman and Vice Chairman and requested a new election under the supervision of the Secretary of Labor. The APA has denied that the Secretary is entitled to the relief requested or to any other relief. The parties recognize that further litigation and possible trial of this action would present significant risk, uncertainty, and further expense for the parties. Accordingly, the parties have negotiated this settlement as a mutual compromise and settlement

of disputed claims and defenses, in order to avoid unnecessary risks and expenses of litigation.

2. Any and all disputes concerning the subject April 2014 election are hereby deemed resolved. The results of that April 2014 election will remain in effect, and, in consideration of the terms set forth below, the parties to this Stipulation of Settlement hereby waive and release any claims that were or could have been brought against each other in connection with the subject April 2014 election other than claims arising out of disputes over the terms of the instant Stipulation of Settlement. In settlement of the action, APA will conduct an election, under the supervision of DOL, during the time for its next regularly scheduled election for the offices of Chairman and Vice Chairman of the APA Dallas-Fort Worth Domicile, the initial round of which will be completed no later than May 2016. The supervised 2016 election will be conducted in accordance with Title IV of the LMRDA and, insofar as lawful and practicable, in accordance with the APA Constitution and Bylaws, and also in accordance with the following specific terms and conditions:

(a) The APA will determine, and DOL will verify, which members are eligible to vote at or before the time voting credentials are initially assigned and distributed. Once this initial eligibility determination is made and the credentials mailed, there will be no mechanism to void or prevent the casting of ballots by any members who were determined to be eligible. For additional members who newly join the Dallas-Fort Worth Domicile or are otherwise determined to be eligible after the time the initial eligibility determination is made, these new members will be added to the roster of eligible voters, subject to a reasonable cut-off date prior to the completion of the voting period, such date to be determined by the DOL, in consultation with the APA.

(b) The set of voting credentials will be printed on scratch-off paper stock such that the credentials are obscured by the scratch-off material. Each credential shall be printed in duplicate. The credentials shall be shuffled (keeping the duplicates paired but otherwise obscuring and randomizing the order of the credentials) and then placed in envelopes assigned to each voter, such that at the end of the process there will be two envelopes associated with each voter, with each envelope containing one copy of the same (unknown and randomly assigned) voting credential. One set of these envelopes will be mailed to eligible voters. The other set will be held in reserve in a secure location by the DOL and at the DOL's expense. The remaining duplicate paired credentials that are not assigned to any

    voters will likewise be held in reserve in the secure location, in matched pairs, for future assignment and mailing to any newly eligible voters.

(c)  At a pre-specified time during the voting period, the reserve set of credentials will be accessed for the purpose of (i) re-sending credentials to any voters who have requested them due to a loss of or failure to receive the credentials initially sent and (ii) sending credentials to any members determined to be newly eligible who were not included in the initial mailing. All credentials sent to voters at this stage will be sent by a method designed to confirm receipt and delivery, such as certified U.S. mail, return receipt requested, or verified delivery express mail. After all necessary credentials have been selected from the reserve set for sending or re-sending to members at the pre-specified time, all remaining reserve credentials will be physically separated from any voter identifying information and shuffled to obscure any link between individual voters and their randomly assigned credentials by the DOL and at the DOL's expense. At this point there will no longer be any mechanism for supplying or re-supplying voters with their credentials.

(d)  The election will be conducted using the BallotPoint "OVNV" system more particularly described in the materials supplied by CCComplete, Inc. dated October 1, 2015 and October 9, 2015, but with the following modifications. Votes will be encrypted prior to their receipt by any BallotPoint election server using a javascript public library such as Stanford's Javascript Crypto Library (http://bitwiseshiftleft.github.io/sjcl/) or Microsoft's Javascript Crypto Library (http://research.microsoft.com/en-us/downloads/29f9385d-da4c-479a-b2ea-2a7bb335d727/) (e.g., votes submitted online will be encrypted on the client side using the voter's browser; votes submitted using a touch-tone phone will be encrypted in conjunction with the computer-telephone integration and prior to their logging on any election server). A second channel mechanism will also be used to transmit an electronic, printable-form record of each voted ballot (consisting of a confirmation number that is randomly assigned at the time the voter casts his or her vote and the associated votes) to a secure DOL location where these ballots will be printed and made accessible for individual voters to inspect their own ballots. This transmission will occur simultaneously but separately from the transmission of votes to any election server (e.g., for votes submitted online the voter's browser will be instructed to transmit the record directly to the DOL location in addition to the separate transmission from the voter's browser to the election server; for votes submitted using a touch-tone phone the same procedure will be carried at the location of the computer-telephone integration and separate from the receipt of the telephone vote by any election server). When the confirmation number is transmitted to an Internet voter's device, it will be displayed separately from any screen reflecting the voter's final votes. The DOL shall be responsible for providing (at the DOL's own expense) a secure space, a computer, an Internet connection, a printer, personnel, and requisite supplies, including paper and toner, to receive, print, and store the voting information that is to be transmitted to the DOL over the second channel mechanism.

**Stipulation of Settlement – Page 3**

(e) In addition to all usual observer rights such as the right to inspect the eligibility list or observe the mailing process, observation shall be permitted of all activities relating to the reserve set of credentials, including their placement and removal from storage and the physical separation of reserve credentials from voter identifying information. For one month following the tally of the ballots, the paper ballots will continue to be maintained at the secure DOL location where they were maintained throughout the balloting period and voting members will be allowed to visit this secure DOL location and inspect their own ballots. The OVNV system will not publish a full spreadsheet listing all member votes and confirmation numbers nor will it allow members to view their individual votes by querying the confirmation number, but will make available to voters and observers "vote digests" as described in the October 1, 2015, and October 9, 2015, materials referenced above (with such "vote digests" not to include individual voter confirmation numbers).

(f) The OVNV system will be configured to support test runs, dummy ballots, and other pre-election verification processes by the DOL or its designee. The security policy governing the OVNV system will be formalized in a single document and made available to the DOL or its designee prior to the election. This security policy should unambiguously specify the security policy for all systems that will come into contact with the voter or vote information and should formalize and describe roles and access controls. The parties understand and stipulate that the information set forth in the security policy and in the October 1, 2015 and October 9, 2015 materials supplied by CCComplete, Inc. constitutes confidential and proprietary business information of CCComplete, Inc. not subject to FOIA disclosure. The use of the OVNV system in this settlement does not constitute an endorsement of that system by the DOL, and the system will not be advertised as approved or endorsed by the DOL.

(g) The DOL will inspect the modifications made to the OVNV system prior to its use in the supervised election to ensure that all aspects of this settlement agreement have been properly implemented.

3. The parties will jointly propose to the Court via an agreed motion that a consent decree be entered specifying that: (1) this action be administratively closed, but that the Court retain jurisdiction for the purpose of ensuring that the supervised 2016 election is conducted in accordance with the terms and conditions of the parties' Stipulation of Settlement and with the LMRDA and, insofar as lawful and practicable, the APA Constitution and Bylaws and to resolve any disputes concerning the parties' Stipulation of Settlement; (2) no further action will be taken regarding the disputed 2014 election; (3) any challenges or disputes concerning the conduct of

the supervised 2016 election will be determined in the first instance by the DOL, subject to review by the Court at the request of the APA; (4) all decisions as to the interpretation or application of Title IV of the LMRDA, and the APA Constitution and Bylaws relating to the supervised election will be determined by the DOL in the first instance, subject to review by the Court at the request of the APA; (5) after completion of the supervised election and resolution of any disputes or challenges, the DOL will certify to the Court the name of the persons so elected, and that the election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the APA Constitution and Bylaws; and (6) upon the Court's approval of the DOL's certification, the Court will enter a final judgment declaring that such persons have been elected as shown by the certificate to serve a full two-year term of office, and dismissing this action with prejudice, with each party to bear its own costs, fees (including attorney's fees), and expenses.

4. The persons signing this Stipulation of Settlement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing.

5. It is contemplated that this Stipulation of Settlement may be executed in several counterparts. All such counterparts shall be deemed to be one document.

AGREED AND STIPULATED:

JOHN R. PARKER
United States Attorney

---

Brian W. Stoltz                                    Date
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:    214-659-8626
Facsimile:    214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Plaintiff

*Stephen J. Willertz* (signed)                     10-30-2015
Stephen J. Willertz                                Date
Director, Office of Field Operations
Office of Labor Management Standards
U.S. Department of Labor

---

SANFORD R. DENISON                                 Date
Texas Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Avenue, Suite 550
Dallas, Texas 75214
Telephone: (214) 637-0750
Facsimile: (214) 637-0730
Email: denison@baabdenison.com

Attorneys for Defendants

---

Captain Keith Wilson                               Date
President
Allied Pilots Association

**Stipulation of Settlement – Page 6**

AGREED AND STIPULATED:

JOHN R. PARKER
United States Attorney

*/s/ Brian W. Stoltz*              10-30-2015
Brian W. Stoltz                        Date
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Plaintiff


_____      _____
Stephen J. Willertz                       Date
Director, Office of Field Operations
Office of Labor Management Standards
U.S. Department of Labor


_____      _____
SANFORD R. DENISON              Date
Texas Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Avenue, Suite 550
Dallas, Texas 75214
Telephone: (214) 637-0750
Facsimile: (214) 637-0730
Email: denison@baabdenison.com

Attorneys for Defendants


_____      _____
Captain Keith Wilson                   Date
President
Allied Pilots Association


**Stipulation of Settlement – Page 6**

AGREED AND STIPULATED:

JOHN R. PARKER
United States Attorney

_____   _____
Brian W. Stoltz                                                          Date
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:    214-659-8626
Facsimile:    214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Plaintiff


_____   _____
Stephen J. Willertz                                                    Date
Director, Office of Field Operations
Office of Labor Management Standards
U.S. Department of Labor


*/s/ Sanford R Denison*                                         10/30/2015
SANFORD R. DENISON                                      Date
Texas Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Avenue, Suite 550
Dallas, Texas 75214
Telephone: (214) 637-0750
Facsimile: (214) 637-0730
Email: denison@baabdenison.com

Attorneys for Defendants


_____   _____
Captain Keith Wilson                                              Date
President
Allied Pilots Association

**Stipulation of Settlement – Page 6**

AGREED AND STIPULATED:

JOHN R. PARKER
United States Attorney

_____     _____
Brian W. Stoltz                                              Date
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:    214-659-8626
Facsimile:    214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Plaintiff


_____     _____
Stephen J. Willertz                                          Date
Director, Office of Field Operations
Office of Labor Management Standards
U.S. Department of Labor


_____     _____
SANFORD R. DENISON                                           Date
Texas Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Avenue, Suite 550
Dallas, Texas 75214
Telephone: (214) 637-0750
Facsimile: (214) 637-0730
Email: denison@baabdenison.com

Attorneys for Defendants

_____     30 OCT 15
Captain Keith Wilson                                         Date
President
Allied Pilots Association


**Stipulation of Settlement – Page 6**