IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor § <br> United States Department of Labor § <br>     Plaintiff § <br> § <br> v. § <br> § <br> DALLAS-FORT WORTH DOMICILE, § <br> ALLIED PILOTS ASSOCIATION, § <br> and § <br> ALLIED PILOTS ASSOCIATION, § <br> NATIONAL HEADQUARTERS, § <br>     DEFENDANTS § | Civil Action No. 4:14-CV-997-O |

**DEFENDANT DALLAS-FORT WORTH DOMICILE, ALLIED PILOTS ASSOCIATION'S RESPONSE AND BRIEF IN OPPOSITION TO THE AGREED MOTION FOR ENTRY OF CONSENT DECREE**

TO THE HONORABLE REED C. O'CONNOR, UNITED STATES DISTRICT JUDGE:

NOW COMES, Defendant, DALLAS-FORT WORTH DOMICILE, ALLIED PILOTS ASSOCIATION, ("DFW APA") and files this response, inclusive of the Affidavits of Thomas Westbrook and J.M. Wales[1] (the "Response") to the Agreed Motion for Entry of Consent Decree (Doc. 20) (the "Motion") in accordance with the Order Requiring Expedited Briefing (Doc. 23) (the "Order").  In support of the Response, DFW APA would show the Court the following:

I. SUMMARY OF RESPONSE

1.  The DFW APA and Defendant, the ALLIED PILOTS ASSOCIATION, NATIONAL HEADQUARTERS (the "APA"), have each been named as separate defendants in this case, but

---

[1] The Affidavit of Thomas Westbrook (the "Westbrook Affidavit") and Affidavit of J.M. Wales (the "Wales Affidavit") are incorporated into the Response as if fully set forth herein.

DEFENDANT DALLAS-FORT WORTH DOMICILE, ALLIED PILOTS ASSOCIATION'S RESPONSE     PAGE 1
AND BRIEF IN OPPOSITION TO THE AGREED MOTION FOR ENTRY OF CONSENT DECREE

have not received separate representation of their divergent interests in the settlement negotiations and filing of the Motion. Throughout the case, General Counsel for APA has dictated the legal strategy and settlement negotiations on behalf of both entities, and has authorized the filing of the Motion by the counsel of record for both entities, despite the unquestionable dissent expressed by DFW APA. Such dissent was provided not only to APA's General Counsel, but also to the President of the APA, to the counsel of record for both DFW APA and APA, Sanford Denison, and even to counsel for the Plaintiff, all to no avail. In addition, the Chairman and Vice Chairman of DFW APA made repeated requests to be involved in the settlement negotiations, but such requests were wholly ignored. Indeed, the lack of a signature or even a signature block on the Stipulation of Settlement indicates efforts by the APA, its general counsel and the counsel of record for both Defendants to ignore the objections and input of DFW APA to the settlement.[2]

2. In sum, DFW APA never agreed to the terms of the Stipulation of Settlement and as a local labor organization separate and distinct from its co-Defendant, APA, the circumstances require that DFW APA obtain separate counsel and the Motion, which misleadingly implies DFW APA's consent, be in all things denied.

3. Finally, a consent decree is not merely accepted at face value as other agreements or settlement agreements in litigation, but is subject to scrutiny by the Court to determine whether all of the litigants are in substantial agreement, to ensure in multiparty litigation that if not all parties are in agreement the proposed decree would not interfere with any other party, to determine what other third parties the consent decree would affect and to ascertain the purpose of such decree. The relevant factors in this case weigh against both the entry of the proposed Consent Decree and granting the Motion.

---

[2] *See* the Stipulation of Settlement, attached to the Motion (Doc. 20) as *Exhibit "A."*

## II.  SPECIFIC RESPONSE

4. DFW APA states that the allegations in the introductory paragraph of the Motion contains conclusions of law to which no response is required.  DFW APA responds that it has not entered into a settlement with regard to this case.  DFW APA denies that it has requested a Consent Decree be entered under the terms of sub paragraphs (1) through (6) or in accordance with the proposed Consent Decree submitted to the Court.  DFW APA denies that it has stipulated or agreed to a settlement of the above-captioned litigation under the terms set forth in the Stipulation of Settlement, attached to the Motion as *Exhibit "A."*  By way of further answer if the same be necessary, DFW APA denies the allegations in the Motion.

## III.  RESPONSE AND BRIEF IN OPPOSITION

**A.    DFW APA is a Separate Local Labor Organization.**

5. DFW APA is one eleven local domiciles of APA.  Though DFW APA and APA are affiliated organizations, from and after the year 2001, when APA made a structural change to clarify that all of its local domiciles, including DFW APA, were separate local labor organizations,[3] DFW APA has been recognized by the Department of Labor and the APA as a local labor organization.  By implementing the structural change and creating a two-tiered system consisting of the labor organization, which is APA, and the local labor organizations, which are the domiciles including DFW APA, the APA could then avail itself of different options under the Labor-Management

---

[3] *See* the excerpt from the 2001 Fall Regular Board of Directors Minutes at p. 99 related to Resolution R2001-86 APA, Structural Change (the "2001 Fall BOD Minutes"), attached to the Westbrook Affidavit as *Exhibit "1"*; *see also* the  Resolution R2001-86 APA, Structural Change (the "Structural Change Resolution"), attached to the Westbrook Affidavit as *Exhibit "2."*

Reporting and Disclosures Act of 1959 ("LMRDA").[4] Since such time, DFW APA and all of the other domiciles have been considered local labor organizations and have filed their own Form LM-3, Labor Organization Annual Report ("LM-3") pursuant to Title II of the LMRDA in accordance with such separate status.[5] As an unincorporated local labor organization engaged in an industry affecting commerce within the meaning of sections (3)(i), 3(j), and 401(b) of the LMRDA,[6] DFW APA is a legally separate and distinct entity from its co-Defendant APA.

**B.     The APA has Recognized the Importance of Separate Legal Counsel.**

6.    As a distinct entity separate and apart from APA, DFW APA has the necessary authority to assert its own issues, legal position, theory and to retain its own counsel. In fact, the APA has even specifically passed a resolution stating that "it is imperative for the legislative body of *any organization* to have legal services which offer completely independent opinions."[7]

7.    Not only has DFW APA had to make multiple requests and demands to obtain information regarding the settlement negotiations and the need for its own counsel,[8] but it was never consulted regarding its position or even its consent to the terms of a Stipulation of Settlement or Proposed Consent Decree that significantly and almost solely impacts this particular local labor organization and its members. Clearly, the co-Defendants are not in agreement with regard to their

---

[4] *See* the 2001 Fall BOD Minutes at p. 17, attached to the Westbrook Affidavit as *Exhibit "1."* Although only implicated in the 2001 Fall BOD Minutes, the primary purpose of the Structural Change Resolution was to allow APA to set members' dues by majority vote of the delegates voting at a regular or special convention, a practice only allowed to a dual tiered organization pursuant to Section 101(a)(3)(B) of the LMRDA.

[5] *See* the Westbrook Affidavit at Paragraph 4 and *Exhibit "3"* referenced therein.

[6] 29 U.S.C. 402(i), 402(j) and 481(b).

[7] *See* the Westbrook Affidavit at Paragraphs 6-15 and Board Resolution R2000-118 (the "Independent Legal Services Resolution"), attached to the Westbrook Affidavit as *Exhibit "5."*

[8] *See* the Westbrook Affidavit at Paragraphs 6-15 and the Independent Counsel Email, attached to the Westbrook Affidavit as *Exhibit "4."*

position on the Motion or the Stipulation of Settlement, and the complete lack of any response to its demands forced DFW APA to retain separate counsel to ensure that its interests and lack of consent to the Motion were placed before the Court in a timely manner after the Motion was filed over its objections.

C.  **DFW APA is a Named Party to the Case and Did not Agree to the Motion.**

8. Defendant, DFW APA, was not consulted throughout the negotiations of the settlement that has been submitted to the Court.[9] DFW APA notified its counsel of record, the President of its co-Defendant, APA, and counsel for the Department of Labor that it did not consent to the Motion prior to the Motion being filed.[10] Moreover, Defendant DFW APA did not sign the Motion or Stipulation of Settlement, nor was there even a signature line created for this party to sign.[11] The Motion, Stipulation of Settlement and proposed Consent Decree are not in any manner agreed by and between all three parties to this matter and current counsel of record knowingly refused to voice DFW APA's objection without such instruction from the General Counsel to the APA.

D.  **The Court has Discretion to Refuse to Enter a Consent Decree.**

9. A consent decree, though founded on the agreement of parties, is a judgment that can be enforced by judicial sanctions, including contempt.[12] The entry of a consent decree implies that

---

[9] *See generally* the Wales Affidavit and Westbrook Affidavit.

[10] *See generally* the Wales Affidavit and Westbrook Affidavit.

[11] *See generally* the Wales Affidavit and Westbrook Affidavit.

[12] *United States v. City of Miami*, 664, F. 2d 435, 439-42 (5th Cir. 1981) (en banc)(involved a proposed consent decree between the Attorney General and the City, to which the union objected as violating its union contract).

each of the litigants before the Court have agreed 'to all of its significant provisions.'[13]  Two parties in multiparty litigation may resolve all issues that do not affect a third party and ask for such resolution to be included in a consent decree.[14]  However, before entering a consent decree, the Court must satisfy itself that the decree is consistent with the U.S. Constitution and laws, does not undermine the rightful interests of third parties and is an appropriate commitment of the court's limited resources.[15]  Since a consent decree not only validates a compromise but also has future implications, it requires more scrutiny than a mere agreement.[16]  In determining whether to sign a consent decree, the Court must also consider the nature of the litigation and the purposes to be served by the Decree.[17]

10.  In addition to the fact that it is clear that DFW APA has not agreed to any provisions of the Stipulation of Settlement, which forms the basis for the Consent Decree, the proposed Consent Decree, which seeks to monitor and use the 2016 officer elections of only the DFW APA in an experimental manner, affects not only the DFW APA, generally, but each and every member thereof. Indeed, the Consent Decree may ultimately be utilized against all of the local labor organizations comprising the domiciles to further remove the right under the Policy Manual of the APA allowing for the use of paper ballot elections[18].  The purpose to be served by this Consent Decree appears to

---

[13] *Id.* (citing *High v. Braniff Airways, Inc.*, 592 F. 2d 1330, 1334 (5th Cir. 1979)).

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] It must be noted that Section 3.03 of the Policy Manual allows for elections via paper balloting upon a resolution passed by the Board of Directors and that such a resolution, Resolution 2014-61, was tabled in January, 2015, upon the advice of the General Counsel to the APA pending the negotiation of the Stipulation of Settlement herein (see Westbrook Affidavit at Paragraph 16), clearly indicating the inherent conflict in the representation of both Defendants in this litigation.

be crafted not to rectify any statutory violation, but rather to attempt to find a way for a nonparty electronic voting company to further develop and create its own intellectual property and procedures that it can then market as compliant with the LMRDA and as approved by the Department of Labor. The continued use of paper ballots for the elections by the local labor organizations, which has been utilized in each election since the filing of this lawsuit,[19] would address the concerns in the Complaint through a less drastic measure than what is being proposed by the Stipulation of Settlement. Fundamentally, the DFW APA should not be utilized as the experimental ground for a nonparty electronic voting company to bring its product into compliance with the LMRDA. Rather than utilize the DFW APA 2016 Officer Elections as an experimental testing ground, a more appropriate resolution would be to allow for paper balloting at all elections until the non-party electronic balloting companies can bring their products and procedures into compliance with the LMRDA on their own.

## IV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, DFW APA, prays that this Court deny the Motion in its entirety as requested above in this cause, allow DFW APA separate counsel to proceed with further settlement negotiations and the balance of this case, and for such other and further relief, at law or in equity, to which Defendant, DFW APA, may show itself justly entitled.

---

[19] *See* the Westbrook Affidavit at para. 16.

        Respectfully submitted,

        SHEILS WINNUBST
        A Professional Corporation

        By:    */s/ Mark D. Winnubst*
                Mark D. Winnubst
                State Bar No. 21781200
                Latrice E. Andrews
                State Bar No. 24063984

        1100 Atrium II
        1701 N. Collins Blvd.
        Richardson, Texas 75080
        Telephone: (972) 644-8181
        Telecopier: (972) 644-8180
        *Mark@sheilswinnubst.com*
        *Latrice@sheilswinnubst.com*

        PROPOSED ATTORNEYS FOR DEFENDANT,
        DALLAS-FORT WORTH DOMICILE,
        ALLIED PILOTS ASSOCIATION

<u>Certificate of Service</u>

    I hereby certify that a true and correct copy of the above-and-foregoing motion was served on this 10th day of November, 2015, via electronic service, upon counsel for Plaintiff, Brian W. Stoltz, Assistant United States Attorney, 1100 Commerce Street, Third Floor, Dallas, Texas 75242 and upon Sanford R. Denison, Baab & Denison, LLP, 6301 Gaston Avenue, Suite 550, Dallas, Texas 75214.

                */s/ Mark D. Winnubst*
                Mark D. Winnubst