IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor<br>United States Department of Labor<br>    Plaintiff<br><br>v.<br><br>DALLAS-FORT WORTH DOMICILE,<br>ALLIED PILOTS ASSOCIATION,<br>and<br>ALLIED PILOTS ASSOCIATION,<br>NATIONAL HEADQUARTERS,<br>    DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 4:14-CV-997-O<br>§<br>§<br>§<br>§<br>§<br>§ |

### AFFIDAVIT OF J.M. (JOSEY) WALES

STATE OF TEXAS         §
                                  §
COUNTY OF DALLAS   §

BEFORE ME, the undersigned authority, on this day personally appeared J.M. (JOSEY) WALES, who, being by me duly sworn, on oath stated:

1. "My name is J.M. (Josey) Wales. I am at least twenty-one years of age, of sound mind, capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of all of the facts stated herein, each of which are true and correct.

2. "I am the vice chairman of the DFW Domicile, Allied Pilots Association ("DFW APA"). As the Vice Chairman, I was aware of the DFW Officer Election Complaint filed by Tom Westbrook on behalf of the DFW APA in April, 2014. I am also aware that when the APA Appeal Board Ruling was issued on June 13, 2014, it was sent to all of the members of the APA Board of Directors, except Mr. Westbrook.

3. "I have been aware of the Complaint filed by the Department of Labor against the Allied Pilots Association, National Headquarters ("APA") and the DFW APA in July 2014. Beginning about October 8, 2015, after Mr. Westbrook was told by the APA's general counsel that he would not be a proper person to be involved because he had made the initial complaint but that I would be, I have contacted the President of the APA in this lawsuit to request my direct involvement with the ongoing litigation and specifically with any settlement negotiations. No one has responded to my inquiries or included me in any manner in such negotiations.

4. "When I found out that a settlement had been reached without my involvement I once again reached out to the President of the APA to provide my input. He did not respond to my repeated contacts. When I finally received a copy of the Stipulation of Settlement, I emailed the President of the APA and told him that I objected to him signing it. A true and correct copy of my email is attached hereto as *Exhibit "A"*. He did not take heed of my objections.

5. "When I found out that the Motion for Entry of Consent Decree had been filed, I contacted the counsel of record for DFW APA and asked him to withdraw the motion because we had not agreed to the Stipulation of Settlement. He told me that he would not do so unless he received such instructions from the general counsel for the APA. He refused to do what we asked."

FURTHER, AFFIANT SAITH NOT.

SIGNED this 9th day of November, 2015.

_____
J.M. (JOSEY) WALES

SWORN AND SUBSCRIBED TO by J.M. (Josey) WALES this the 9th day of November, 2015.



(Seal)   _____
Notary Public, State of Texas

AFFIDAVIT OF J.M. (JOSEY) WALES                                                                    PAGE 2

**From:** <JWales@alliedpilots.org>
**Date:** November 2, 2015 at 4:01:43 PM CST
**To:** Keith Wilson <KWilson@alliedpilots.org>
**Subject: Josey**

Keith it had come to my attention that there is a DOL Settlement Document waiting your signature and filing. I believe I was to be brought into the process as the DFW Rep. Unfortunately, this was not done. Upon reviewing the document and consulting my private legal counsel, let it be known that I object to certain items in the agreement. DFW is considering hiring legal counsel. I ask that you not sign or file the document until APA has an opportunity to discuss with both DFW Reps and our legal counsel. We need to uncomplicated vs complicate solving this issue. Signing and filing may complicate this issue beyond either of our desires.
Josey

Sent from my iPhone

EXHIBIT
A