IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor<br><br>    Plaintiff,<br><br>v.<br><br>DALLAS-FORT WORTH DOMICILE, ALLIED PILOTS ASSOCIATION, and ALLIED PILOTS ASSOCIATION, NATIONAL HEADQUARTERS,<br><br>    Defendants. | Civil Action No. 4:14-CV-997-O |

**REPLY IN SUPPORT OF AGREED MOTION**
**FOR ENTRY OF CONSENT DECREE**

Plaintiff, the Secretary of Labor, submits this reply in support of the parties' agreed motion for entry of a consent decree to effectuate their settlement. An objection to the settlement and the proposed consent decree has been filed by attorneys claiming to represent one of the defendants, the Dallas-Fort Worth Domicile of the Allied Pilots Association. However, the response filed by the attorney who has represented the Dallas-Fort Worth Domicile from the inception of this litigation, Sanford R. Denison, makes clear that the settlement agreement was negotiated and signed on behalf of *both* defendants—the Allied Pilots Association as well as its component the Dallas-Fort Worth Domicile—by both Mr. Denison and the national president of the Allied Pilots Association pursuant to his authority under the union's constitution and by-laws. (*See*

**Reply in Support of Agreed Motion for Entry of Consent Decree – Page 1**

Doc. 26 at 5–6.)

While the Secretary understands that the local chairman of the Dallas-Fort Worth Domicile disagrees with the national union leadership's policy choices regarding the means of conducting domicile elections and the settlement of this litigation, the union constitution and other authorities cited in Mr. Denison's response, as interpreted by the authorized officials of the national union, indicate that the local chairman does not have authority over these matters within the union and thus there is no basis for him to assert any objection on the Dallas-Fort Worth Domicile's behalf.  As the Secretary defers to the interpretation given a union's constitution by the responsible union official unless clearly unreasonable, 29 C.F.R. § 452.3, and the interpretation offered by the union's national president is not clearly unreasonable, the Secretary has no basis to disagree with the national union's interpretation—i.e., that the officers of the Dallas-Fort Worth Domicile have no authority over the union's position on these matters.

Indeed, if the local chairman did possess authority under the Allied Pilots Association constitution and by-laws to determine how domicile elections are to be conducted, this entire litigation would have been unnecessary.  The local chairman could have determined that the prior election was improper and ordered that a new election be conducted using his preferred method of balloting (on paper rather than by any sort of electronic means).  A decision by the local chairman to use traditional paper balloting would have satisfied the Secretary's concerns about the legal compliance of the disputed election, and thus would have obviated the need for any litigation.  However, the decision to insist on the use of an Internet voting system was made by the national union officials

**Reply in Support of Agreed Motion for Entry of Consent Decree – Page 2**

responsible for the election process and it was necessary for the Secretary to pursue litigation, which resulted in the settlement agreement to run an election using a modified electronic voting system. Because the settlement has been negotiated and approved by the proper union officials, there is no basis for the local chairman to raise any purported objection on behalf of the Dallas-Fort Worth Domicile, and the proposed consent decree should be approved and entered.

     Finally, the Secretary notes that in addition to objecting that the settlement has not been approved by all parties (when it has), the response filed by the attorneys claiming to represent the Dallas-Fort Worth Domicile briefly suggests that there is something improper about the settlement's contemplated use of a (modified) electronic balloting system. (*See* Doc. 25 at 6–7.) However, the relevant statute, the Labor-Management Reporting and Disclosure Act, nowhere specifically mandates the use of any particular type of voting method (such as traditional in-person voting, or paper voting by mail, or anything else), nor does the statute specifically forbid or preclude the use of any particular voting method. *See* 28 U.S.C. §§ 481 *et seq.* Nothing in the objection indicates to the contrary or provides any basis for concluding that the election method set out in the settlement agreement would disadvantage union members in the exercise of their rights under the statute.

Respectfully submitted,

JOHN R. PARKER
United States Attorney

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8626
Facsimile:     214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Plaintiff

Certificate of Service

On November 13, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties (and others who have appeared in this litigation) either electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney

**Reply in Support of Agreed Motion for Entry of Consent Decree – Page 4**